**IN THE DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

```
EVELYN ROMULUS AND IVAN CHINNERY,   )
                                    )
                   Plaintiffs,      ) CIVIL NO. 10-cv-64
v.                                  )
                                    )
THE BANK OF NOVA SCOTIA,            )
                                    )
                   Defendant.       )
_____)
```

**ORDER**

Before the Court is defendant Bank of Nova Scotia's ("BNS") motion to quash the notice of deposition directed to Matthew Duensing, Esq., trial counsel to BNS.

**The Deposition Notice and the Motion to Quash**

On July 22, 2011, plaintiffs filed a Notice of Deposition, calling for Attorney Duensing's deposition to take place that afternoon at 4:30 p.m. There is no indication on the docket or otherwise that a subpoena was issued to Attorney Duensing, a non-party to this action. This motion ensued.

On July 25, 2011, the Court held a telephonic conference to discuss the purpose of the deposition, and whether the parties could agree either to go forward with the deposition, or to withdraw the notice. Plaintiff's counsel stated that the purpose of the deposition would be to explore plaintiff Romulus' recent recollection that she had a conversation with Attorney Duensing at some time during the course of the events in this case to discuss a check he had for her. BNS disputed that such a conversation took

*Evelyn Romulus, et al. V. The Bank of Nova Scotia*
Civil No. 2010-00064
Page 2 of 8

place, and raised concerns regarding the motive for seeking to examine its trial attorney in a deposition. As the parties could not agree, the Court directed them to brief the issue of whether the deposition was proper discovery, and specifically invited the parties to support their respective contentions regarding the relevancy or lack thereof of Attorney Duensing's testimony to issues in the case.

Plaintiff responded to the motion, citing the deposition testimony of plaintiff Chinnery, obtained the day after the telephone conference, that he had a conversation and/or a meeting with Attorney Duensing sometime in early 2007 in which they discussed "a loan" and the "property". Plaintiffs provided no additional evidentiary support for the claim that plaintiff Romulus had any conversations with Attorney Duensing, nor did they describe how the information sought from Attorney Duensing is or would be relevant to their action.

In its reply, as evidence that plaintiff Romulus never spoke with Attorney Duensing at all, BNS offers a December 12, 2008 affidavit of plaintiff Romulus in which she discusses a call to Attorney Duensing's office during which she spoke to a secretary, and a failed attempt to see Attorney Duensing by going to his office. BNS also cited the Chinnery deposition, but noted his lack of specifics as to the time and subject matter of his communication

*Evelyn Romulus, et al. V. The Bank of Nova Scotia*
Civil No. 2010-00064
Page 3 of 8

with Attorney Duensing[1]. BNS also did not specifically address how the proposed testimony about "any and all conversations or communications" Attorney Duensing had with plaintiffs might or might not relate to plaintiffs' claims, and BNS did not offer any affirmation or other competent evidence regarding whether Attorney Duensing in fact had any communications with plaintiffs.

**The Claims and Defenses**

As the ability to undertake discovery is limited by the concept of relevance[2], the Court must first determine what issues are in dispute in the matter. According to plaintiffs' complaint (ECF #1), they borrowed money from BNS in 1996, and gave BNS a mortgage over certain property to secure the debt (ECF #1, at ¶¶ 6,9). When plaintiffs fell behind on payments, BNS in 2001 sued to foreclose on the mortgage in the Superior Court (*id*. at ¶ 12). Although Romulus thereafter continued to make payments by payroll deduction, in 2002 judgment by default was entered against both Romulus and Chinnery (*id*. at ¶¶ 13-14). Because Romulus was continuing to make payments, she and BNS agreed that she would continue to do so, and that BNS would not execute on the judgment

---

[1] BNS also argued that Chinnery's testimony was not credible, but credibility is not for this Court to decide at this stage of the proceedings.

[2] Pursuant to Fed. R. Civ. P. 26(b)(1) "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ."

*Evelyn Romulus, et al. V. The Bank of Nova Scotia*
Civil No. 2010-00064
Page 4 of 8

(*id*. at ¶¶ 18-19). In August 2007, however, BNS directed the Marshal to execute on the judgment and sell the property, without notice to the plaintiffs (*id*. at ¶ 26). Romulus first learned of the Marshal's sale "when she contacted the Bank's attorneys and spoke to Attorney Stryker during the late Summer of 2008" after learning that the property taxes had been paid, and he told her the property had been sold ((*id*. at ¶ 35).

In response to plaintiffs' factual allegations, among other denials, BNS denies that it agreed not to execute on the judgment, or that plaintiffs lacked notice of the pending marshal's sale (ECF #6).

**The Law Regarding Deposing Opposing Counsel**

While there is "no general prohibition against obtaining the deposition of adverse counsel regarding relevant, non-privileged information[,] . . . the request . . . must be weighed by balancing, generally speaking, the necessity for such discovery in the circumstances of the case against its potential to oppress the adverse party and to burden the adversary process itself."[3] The party "seeking the protective order to preclude [its] attorneys'

---

[3] *Johnston Development Group, Inc. v. Carpenters Local Union No. 1578*, 130 F.R.D. 348, 352 (D.N.J. 1990). See also *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)("We view the increasing practice of taking opposing counsel's deposition as a negative development in the area of litigation, and one that should be employed only in limited circumstances.").

*Evelyn Romulus, et al. V. The Bank of Nova Scotia*
Civil No. 2010-00064
Page 5 of 8

depositions, bear[s] the burden under *Rule 26(c), Fed. R. Civ. P.*, of demonstrating good cause to preclude or limit the testimony."[4] The party must demonstrate a "'particular need for protection. Broad allegations of harm unsubstantiated by specific examples or articulated reasoning, do not satisfy the *Rule 26(c)* test.'"[5]

In considering a motion to quash the notice of deposition naming an opposing counsel, the Court should weigh the

> undue burden or oppression [of taking the deposition] measured by (1) the relative quality of information in the attorney's knowledge, that is, whether the deposition would be disproportional to the discovering party's needs; (2) the availability of the information from other sources that are less intrusive into the adversarial process; and (3) the harm to the party's representational rights of its attorney if called upon to give deposition testimony.[6]

The information sought must be "relevant information that is within the inquiring party's legitimate discovery needs when assessed against the lawsuit's 'nature and complexity, the

---

[4] *Id.* at 352 (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).

Rule 26(c) in pertinent part provides: "A party or any person from whom discovery is sought may move for a protective order . . . . The court may, for good cause shown, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."

[5] *Johnston Development Group, Inc. v. Carpenters Local Union No. 1578*, 130 F.R.D. at 352 (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).

[6] *Johnston Development Group, Inc. v. Carpenters Local Union No. 1578*, 130 F.R.D. at 353.

*Evelyn Romulus, et al. V. The Bank of Nova Scotia*
Civil No. 2010-00064
Page 6 of 8

importance of the issues at stake in a case seeking damages . . . . and the significance of the substantive issues . . . .'"[7] A deposition that seeks information "on central factual issues, rather than peripheral concerns," would carry more proportional weight in the court's consideration.[8]

Applying these principles to this case, the Court first notes that it is BNS' burden to persuade the Court that there is good cause to preclude or limit the deposition. Although BNS argues that plaintiffs themselves could provide information about communications with Attorney Duensing, that any information he may have is not crucial or unique, and that there is some unspecified "risk" to the litigation process inherent in allowing this deposition to go forward,[9] they have failed to make a case that no deposition could take place at all.

While it is true that plaintiffs could testify regarding any alleged conversations, Chinnery already testified under oath as to the fact of a conversation in 2007, before the Marshal's sale took

---

[7] *Id.* (quoting Notes of the Advisory Committee, *Rule 26(b)* (1983 Amendment)).

[8] *Id.* (citing *Walker v. United Parcel Service,* 87 F.R.D 360, 362 (E.D. Pa. 1980)).

[9] BNS also argues that the notice was untimely in that it came outside an agreed discovery deadline. This argument is not persuasive in that fact discovery is not actually completed, and it would appear to be a simple matter to schedule this short deposition along with another that is still to be taken. See ECF # 84-1 (emails between counsel regarding deposition scheduling).

*Evelyn Romulus, et al. V. The Bank of Nova Scotia*
Civil No. 2010-00064
Page 7 of 8

place, but he could not recall the specifics.  Plaintiffs are entitled to inquire as to what may have been communicated between Attorney Duensing and Chinnery at that time, especially when the allegations in the complaint relate directly to the existence of an agreement to forbear from execution and notice prior to the sale. And, it appears that no one other than Chinnery and Attorney Duensing may have been party to any such conversation, so there is no other apparent source for such information.

With respect to an alleged conversation with Romulus, the Court does not believe that a discussion in 2008, after the sale, would have much bearing on the central issues of the case.  Any questioning as to this communication then would necessarily be very limited.

The Court is mindful of the specter for abuse a deposition of opposing counsel might raise, and so only a very limited inquiry will be permitted.  Indee, if Attorney Duensing has no information to offer as to any direct communication with either plaintiff, then the deposition may well be quite short.  And, of course, no inquiry touching on any attorney-client privileged or work-product matters may be had.[10]  But, on balance, the Court cannot conclude that no deposition should occur.

---

[10] Federal Rule of Civil Procedure 26(b)(1) by its terms already protects any privileged information in possession of Attorney Duensing from being disclosed at deposition. *See Upjohn Co. v. United States*, 449 U.S. 383, 395-98 (1981) (attorney-client privilege and work product doctrine protect the work and communications of attorneys).

*Evelyn Romulus, et al. V. The Bank of Nova Scotia*
Civil No. 2010-00064
Page 8 of 8

    Therefore, it is hereby,

    ORDERED that the Motion to Quash the notice is DENIED; and it is further

    ORDERED that should Attorney Duensing's attendance at a deposition in this matter, to which he is not a party, be properly secured, the deposition shall not exceed 30 minutes in length without further order of this Court; and it is further

    ORDERED that BNS's motion for an emergency ruling on this motion is found to be MOOT.

                                        S\_____
                                          **RUTH MILLER**
                                          United States Magistrate Judge