```
         IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS AND ST. JOHN

EVELYN ROMULUS and IVAN       )
CHINNERY,                     )
                              )
              Plaintiffs,     )    CIVIL NO. 2010-64
v.                            )
                              )
                              )
THE BANK OF NOVA SCOTIA,      )
                              )
              Defendant.      )
_____)
```

ORDER

Before the Court is defendant's motion to disqualify plaintiffs' counsel on the basis that there is an alleged conflict or potential conflict of interest in such representation. This is so, defendant argues, because plaintiffs may ultimately blame on another for the events giving rise to this lawsuit. In connection with argument on the disqualification motion, plaintiffs' counsel represented that counsel had obtained written waivers from plaintiffs of any such conflicts. Following the hearing, the Court asked for such written waivers to be submitted *ex parte* for an *in camera* review.

The Court has reviewed the waivers of conflict submitted by the Plaintiffs, and notes that they do not demonstrate on their face the specificity required under Rule 1.7(b)(4) of the ABA Rules of Professional Conduct. Informed consent contemplated

under Rule 1.7(b)(4) requires that "each affected client be aware of the relevant circumstances and of the material and reasonably foreseeable ways that the conflict could have adverse effects on the interest of the client."[1] Further, when representing multiple clients in a single matter, the clients must also be advised of "the implications of the common representation, including possible effects of loyalty, confidentiality, and the attorney-client privilege and the advantages and risks involved."[2]

Because granting a motion to disqualify has such grave implications for a party in the litigation,[3] to demonstrate whether there has been compliance with the requirements of Rule 1.7(b)(4), the Court invites plaintiffs to submit affidavits that specifically contain the information required to waive any possible concurrent conflict of interest that may arise in this case.[4] Accordingly, if plaintiffs wish to submit such

---

[1] ABA Model Rules of Professional Conduct, Rule 1.7, Comment, Informed Consent, p. 35 (2009) (citing Rule 1.0(e)).

[2] Id. (citing Comments [30] and [31] (effect of common representation on confidentiality)).

[3] See *Jackson v. Rohm & Haas Co.,* 2008 U.S. Dist. LEXIS 65632, at *5 (E.D. Pa Aug. 26, 2008).

[4] See, e.g., *Jackson v. Rohm & Haas Co.,* 2008 U.S. Dist. LEXIS 65632 (E.D. Pa Aug. 26, 2008)(concluding that affidavits sufficiently addressed the requirements of informed consent); *Hesling v. The Avon Grove School District*, 2007 U.S. Dist. LEXIS 24209 (E.D. Pa April 2, 2007) (concluding that defendants

affidavits, they must be submitted within 10 days from the date of this Order.  The affidavits may be submitted *ex parte*; however, a notice that they have been submitted shall be filed on the docket.

S_____
          **RUTH MILLER**
          United States Magistrate Judge

---

averred to knowledge of the potential conflict and gave "informed consent" to continue with joint representation); *Kaiser v. Steward*, 1997 U.S. Dist. LEXIS 4966 (E.D. Pa April 11, 1997)(noting that the law firm should not be disqualified from representing clients from whom it has obtained consenting affidavits).