```
         IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
            DIVISION OF ST. THOMAS AND ST. JOHN


EVELYN ROMULUS and IVAN        )
CHINNERY,                      )
                               )
            Plaintiffs,        )   CIVIL NO. 2010-64
v.                             )
                               )
                               )
THE BANK OF NOVA SCOTIA,       )
                               )
            Defendant.         )
_____)
```

MEMORANDUM AND ORDER

Before the Court is the plaintiffs' motion for a continuance pursuant to Federal Rule of Civil Procedure 56(d), to respond to defendant's motion for summary judgment. Rule 56(d) provides that where a nonmovant shows that it "cannot present facts essential to justify its opposition" to a motion for summary judgment, then the court may provide relief in the form of, among other things, deferring a decision on the motion and allowing additional discovery. Plaintiffs contend they need information regarding "add-on" charges that were added to the plaintiffs' account in order to respond to the motion. They claim that defendant's Rule 30(b)(6) witness, who was deposed on August 1, 2011, could not provide such information because certain files were not available to him, and had not be produced to plaintiffs earlier, despite request.

The Bank of Nova Scotia filed its motion for summary judgment on July 27, 2011, alleging that all of the issues raised in the current lawsuit were or should have been decided in a prior case that was pending in the Superior Court of the Virgin Islands. As a result, the Bank contends that all of plaintiff's claims are now barred by *res judicata.* The Bank argues in response to plaintiffs' Rule 56(d) motion that what they seek does not bear on the issue of *res judicata* implicated in the summary judgment motion. The Bank further argues that plaintiffs never sought this information until very late in discovery, and that much of what they now seek they already received.

In their motion (ECF 93), plaintiffs acknowledge that for relief under Rule 56(d) the movant must: (1) identify the particular information sought; (2) demonstrate how such information would preclude summary judgment; and (3) justify why the information was not obtained earlier.[1] Plaintiffs identify

---

[1] See, e.g., *St. Surin v. Virgin Islands Daily News*, Inc., 21 F.3d 1309, 1314 (3d Cir. 1994); *Ramos v. Executive Airlines d/b/a American Eagle*, 50 V.I. 677, 679 (D.V.I. 2008) (citations omitted). References in the opinions are to Rule 56(f). Rule 56(d) is the successor to Rule 56(f), and is substantially the same. Fed. R. Civ. P. 56 Committee Notes, 2010 Amendments. See *Graziani v. County of Erie*, 2011 U.S. Dist. LEXIS 95548, at 2* (W.D. NY Sept. 14, 2010).

the information sought as the "composition of the 'add-on' charges" on the plaintiffs' loan account.[2]

Next, plaintiffs are required to show how this information regarding "add-on" charges could preclude summary judgment. Plaintiffs rely on the Declaration of Ryan W. Greene (ECF 93-10) to make this showing. In the Declaration, Attorney Greene states "[t]he particular information sought would preclude summary judgment by creating genuine issues of material fact concerning the Defendant's liability with regard to the elements of each of the causes of action alleged in the Plaintiff's Complaint. . . ."[3] This statement neither explains why or how the information sought would preclude summary judgment, nor does it demonstrate in any way what "essential facts" could be gleaned that would justify an opposition to the summary judgment motion. Plaintiffs simply provide no basis for the Court to evaluate whether information relating to the "composition of 'add-on' charges" would have any effect at all on the present motion, which argues the complaint is barred by *res judicata*. Plaintiffs have failed to make the requisite showing of the second prong of the Rule 56(d) analysis.

---

[2] Plaintiffs' motion (ECF 93) at p. 5.

[3] Declaration, at ¶ 4.

Finally, even if additional information on the "add-on" charges could raise a factual issue, plaintiffs must justify why they did not obtain this information earlier. A review of plaintiffs' complaint (ECF 1) discloses that "add-on" charges formed the basis of allegations in at least six different paragraphs.[4] Thus plaintiffs knew from the inception of the case that obtaining discovery about these charges would be important to proving their allegations. Nevertheless, plaintiffs apparently waited until the end of discovery to even try to flush the details of the charges out with a witness from the Bank. They make no showing at all that this information was specifically sought earlier, and that they made all reasonable efforts to obtain it. And, while plaintiffs claim in the present motion they "anticipate" filing motions to compel testimony and document production, they still have not done so since they filed this motion August 16, 2011. In fact, the present motion reads more like a motion to compel (without the required "meet and confer" elements), than a motion seeking information truly necessary to opposing the motion for summary judgment. Plaintiffs have failed to satisfy the third requirement for Rule 56(d) relief.

---

[4]   See Complaint at ¶¶ 16, 24, 31, 53, 57, 69.

Although the Court recognizes that deference should be given to nonmovants seeking relief under Rule 56(d),[5] that deference is not without its limits.  Plaintiffs have failed to make the required 56(d) showing and, accordingly, the motion for continuance is DENIED.  Plaintiffs shall file their response to the motion for summary judgment (ECF 74) within seven days of the date of this Order.

                        S_____
                        **RUTH MILLER**
                        United States Magistrate Judge

---

[5] See *St. Surin v. Virgin Islands Daily News*, Inc., 21 F.3d at 1314.