```
         IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
            DIVISION OF ST. THOMAS AND ST. JOHN
```

EVELYN ROMULUS and IVAN        )
CHINNERY,                      )
                               )
            Plaintiffs,        )   CIVIL NO. 2010-64
v.                             )
                               )
                               )
THE BANK OF NOVA SCOTIA,       )
                               )
            Defendant.         )
_____)

```
              REPORT AND RECOMMENDATION
       Motion to Amend the Answer to Assert
           Counterclaims for Contribution
```

Before the Court is the Bank of Nova Scotia's (the "Bank's") motion for leave to amend its answer to assert counterclaims for contribution against Evelyn Romulus and against Ivan Chinnery, individually. For the reasons set forth below, the motion should be denied.

**I.  Factual Overview**

In their complaint (ECF 1), plaintiffs allege that in August 1996, they executed a promissory note ("the Note") to the Bank, agreeing to pay the Bank $32,000.00, together with interest, in equal consecutive monthly installments to be taken

*Romulus, et al. v. The Bank of Nova Scotia*
Civil No. 2010-64
Page 2 of 13

directly from their respective paychecks.[1] The Note was secured by a mortgage against real property.[2]

Shortly after the plaintiffs executed the Note, Chinnery lost his job,[3] and he was later incarcerated from sometime in 2002 to late 2006, and from 2008 to the present.[4] Romulus, however, continued paying on the Note through payroll deduction, and made additional payments as she was able to do so.[5] The plaintiffs eventually fell behind on the Note, and on July 10, 2002, the Bank obtained a Default Judgment in a foreclosure action it had filed in the then Territorial Court.[6]

Sometime later, the Bank and Romulus reached an agreement whereby the Bank agreed it would forebear from executing on the Judgment if the plaintiffs continued to make payments, which both plaintiffs continued to do.[7] Despite these payments, the Bank executed on the Judgment and on August 1, 2007, the

---

[1] Plaintiffs' complaint (ECF 1), ¶¶ 6-7.

[2] *Id.* at ¶ 9.

[3] *Id.* at ¶ 10.

[4] Chinnery's deposition (ECF 90-2), pp. 2, 12, 13, and 29.

[5]  Plaintiffs' complaint at ¶ 29.

[6] *Id.* at ¶¶ 11, 14.

[7] *Id.* at ¶¶ 18, 21-23.

property was sold to a third party.[8] Plaintiffs were unable to set aside the sale.[9]

In June 2010, plaintiffs filed this action against the Bank, alleging various causes of action sounding in contract and tort. On July 16, 2010, the Bank answered the complaint and asserted special and affirmative defenses including: (1)"[a]ny damages suffered by Plaintiffs were the result of their own individual and/or collective actions, omissions and lack of due care;" (2)"[p]laintiffs' own individual and collective negligence constitute either an absolute or partial bar to the recovery sought against the Bank;" and (3)"[p]laintiffs' claims are barred as a result of their own 'unclean hands,' as well as their negligent and/or intentional material misrepresentations."[10]

## II. Legal Standard on Motion to Amend

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be freely given when justice so requires.[11] A motion to amend may be denied "if a [party]'s delay in seeking the amendment is undue, motivated by bad faith,

---

[8] *Id.* at ¶¶ 27, 33.

[9] *Id.* at ¶ 37.

[10] Defendant's Answer (ECF 6), Special and Affirmative Defenses 4, 5, and 6.

[11] Fed.R. Civ. P. 15 (a).

prejudicial to the opposing party, or where amendment would be futile."[12]  "'Futility' denotes that [the pleading], as amended, would fail to state a claim upon which relief may be granted."[13]

### III. Analysis

#### A. Undue Delay

The Bank contends that it became apparent after taking Chinnery's deposition on July 26, 2011, that it had viable claims for contribution against each plaintiff.  The Bank alleges that it learned in the deposition that (1) Romulus never informed Chinnery while he was incarcerated that they were delinquent on the Note or that the Bank and Romulus had agreed to enter into a forbearance agreement, (2) that Romulus failed to forward to Chinnery his mail from the Bank, and (3) that Romulus failed to deliver the proposed forbearance agreement to Chinnery after he was released from prison in 2006.

Notwithstanding that the Bank may have learned of these specific facts in July 2011, a year earlier it asserted affirmative defenses to which such facts pertain.  With discovery ongoing from at least October 2010, there does not seem to be any compelling reason for the Bank to have waited

---

[12] *E. H. v. School District of Philadelphia*, 2009 U.S. Dist. LEXIS 118921, at *5 (E. D. Pa. Dec. 21, 2009) *(*citing *Foman v. Davis*, 371 U.S. 178 (1962)).

[13] *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citations omitted).

until the last minute to depose plaintiffs in this case, and to discovery these "new facts." Thus, the Court cannot conclude under the circumstances, with fact discovery at an end, that the delay in seeking to amend was not undue.

### B. Bad Faith

Plaintiffs contend that the motion is motivated by bad faith as a tactical decision to prolong the litigation and to increase plaintiffs' costs. The Court does not find support for that contention in the record.

### C. Prejudice

Plaintiffs contend that if the Court were to grant the motion, it would incur substantial costs because they would have to re-depose witnesses to develop their case on issues relevant to the contribution claims. This argument is not persuasive because, as noted, the Bank had already pleaded affirmative defenses that should have put plaintiffs on notice of the need to explore the types of facts that could bear on a contribution claim.

Nonetheless, plaintiffs may be without the opportunity to develop an adequate defense at this stage of the litigation. On the other hand, the Bank will not be prejudiced if the amendment is not allowed because it may assert these claims, if they are

still viable, against the plaintiffs in a separate action after the conclusion of this case.[14]

### D. Futility

As the basis for the proposed amendment, the Bank asserts that during Chinnery's deposition it became obvious that any injury and damages the plaintiffs suffered "were a result of their actions and inactions towards each other."[15] As a result of plaintiffs' alleged acts and omissions, the Bank contends that the plaintiffs have viable claims against each other. As such, the Bank argues that "if a jury finds that Plaintiffs have sustained damages as alleged in the Complaint, . . . and subsequently awards to Plaintiffs a judgment against Scotiabank; Scotiabank would be entitled to bring an action against each of the Plaintiffs individually for their individual negligent and wrongful actions that contributed to the injury alleged by the other."[16]

Contribution is defined as:

> 1. The right that gives one of several persons who are liable on a common debt the ability to recover ratably from each of the others when that

---

[14] See, e.g., *Beloit Power Systems, Inc. v. Hess Oil Virgin Islands Corp.*, 561 F. Supp. 279, 286 (D.V.I. 1983) ("A cause of action for contribution does not arise until full payment has been made by the tortfeasor seeking contribution").

[15] The Bank's motion (ECF 79), p. 1.

[16] *Id.* at p. 2.

> one person discharges the debt for the benefit of all; the right to demand that another who is jointly responsible for a third party's injury supply part of what is required to compensate the third party. 2. A tortfeasor's right to collect from others responsible for the same tort after the tortfeasor has paid more than his or her proportionate share, the shares being determined as a percentage of fault. 3. The actual payment by a joint tortfeasor of a proportionate share of what is due.[17]

There is no common law right to contribution between joint tortfeasors.[18] Contribution was introduced and utilized as a mechanism to overturn the common law rule denying contribution.[19] Many states have enacted contribution statutes. Some of these contribution statutes and rules of procedure provide for the assertion of a counterclaim for contribution by a defendant against a plaintiff in the plaintiff's original action.[20] The Virgin Islands has enacted a comparative negligence statute that provides a limited right to contribution. This provision, found at 5 V.I.C. § 1451(d), in pertinent part provides:

---

[17] *Black's Law Dictionary* 352-53(8th ed. 2004).

[18] *Rodar v. City of Bridgeport*, 1995 Conn. Super. LEXIS 2387, at *2 (Conn. Super. August 17, 1995) (citations omitted).

[19] Restatement (Third) of Torts: Apportionment of Liability § 23 cmt. a (2000).

[20] See, e.g., 740 Ill. Comp. Stat. Ann. 100/2; *Hanover Insurance Co. v. Alisa Construction Co., Inc.*, 831 N.Y.S.2d 865, 868 (Sup. Ct. Kings County 2007) (acknowledging that CPLR 1403 allows defendants to seek contribution by cross-claims and counterclaims against the original parties or by impleading additional parties).

> Where recovery is allowed against more than one defendant, the trier of fact shall apportion, in dollars and cents, the amount awarded against each defendant. Liability of defendants to plaintiff shall be joint and several but, for contribution between defendants, each defendant shall be liable for that proportion of the verdict as the trier of fact has apportioned against such defendant.

Section 1451(d) does not deal with whether a defendant may assert a counterclaim against a plaintiff for contribution, but courts in the Virgin Islands have construed this provision broadly.[21] This Court has not found any decision by a Virgin Islands court that addresses whether a defendant may assert a counterclaim for contribution against a plaintiff, however, and the parties have not identified any such authority.

In the Virgin Islands, absent local law to the contrary, courts apply "the rules of the common law, as expressed in the restatements of the law approved by the American Law

---

[21]  See, e.g., *Vandenhouten v. Olde Towne Tours, LLC*, 2009 U.S. Dist. LEXIS 59227 (D.V.I. July 8, 2009)(allowing a third party action for contribution and denying an action for contribution against a defendant who had settled with plaintiffs before a judgment was entered); *Beloit Power Systems, Inc. v. Hess Oil Virgin Islands Corp.*, 561 F. Supp. 279, 286 (D.V.I. 1983), *rev'd in part by* 757 F.2d 1427 (3d Cir. 1985), *aff'd in part by* 757 F.2d 1431 (3d Cir. 1985)(providing that there is a cause of action for contribution under Restatement (Second) Torts § 886A even if the person against whom contribution is sought was not a co-defendant in plaintiff's original action); *Beloit Power Systems*, *Inc. v. Hess Oil Virgin Islands Corp.,* 18 V.I. 317 (D.V.I. 1981) (finding that 5 V.I.C. § 1451 is primarily a comparative negligence statute, but it does not restrict contribution or constitute local law to the contrary); *De Laval Turbine, Inc. v. West India Industries, Inc.,* 502 F.2d 259 (3d Cir. 1974) (recognizing that a co-defendant asserted a contribution claim in its cross-claim and remanded the case to the District Court of the Virgin Islands for a determination of comparative fault between the co-defendants).

Institute."[22]  As such, this Court will look to the Restatement (Third) of Torts: Apportionment of Liability § 23 Contribution for guidance on this issue.[23]  It provides, in pertinent part:

> (a)  When two or more persons are or may be liable for the same harm and one of them discharges the liability of another by settlement or discharge of judgment, the person discharging the liability is entitled to recover contribution from the other, unless the other previously has a valid settlement and release from the plaintiff.
>
> (b)  A person entitled to recover contribution may recover no more than the amount paid to the plaintiff in excess of the person's comparative share of responsibility.

Comment n to § 23 addresses the procedure for asserting a claim for contribution: "[c]ontribution may normally be recovered in a third-party claim in the suit in which the person seeking contribution is sued by the plaintiff or in a separate suit.  That issue is governed by the appropriate procedural rule of each jurisdiction."[24]  In *Vandenhouten v. Olde Towne Tours, LLC,* this Court construed this language and concluded that the

---

[22]  V.I. Code Ann. tit. 1, § 4.

[23]  In *Vandenhouten*, 2009 U.S. Dist. LEXIS, at * 5-6, this Court recognized that the Restatement (Third) Torts: Apportionment of Liability "governs the question of discharge of liability in contribution and indemnity actions." Further, it should be noted that Section 23 replaces Restatement (Second)Torts § 886A.  See Restatement (Third) Torts: Apportionment of Liability § 23 cmt. a (2000).

[24]  Restatement (Third) of Torts: Apportionment of Liability § 23 cmt. n (2000).

Federal Rules of Civil Procedure are the applicable procedural rules.[25]

As such, the Court should look to Federal Rule of Civil Procedure 13 to determine the procedure for asserting a counterclaim. In *Stahl v. Ohio River Co.*,[26] the United States Court of Appeals for the Third Circuit determined that "Rule 13 refers only to claims which have 'matured' at the time they are pleaded as counterclaims."[27] Moreover, the *Stahl* Court pointed out that "[t]he crucial time for determining whether a claim may be filed as a counterclaim under Rule 13(a) and Rule 13(b) is the time pleadings are filed,"[28] but observed that "[c]laims which have 'matured' after the filing of a party's pleadings in the action may be pleaded with the permission of the court under Rule 13(e)."[29] Further, permission may be granted to assert a counterclaim "only if the claim is . . . 'matured' at the time

---

[25] *Vandenhouten*, 2009 U. S. Dist. LEXIS 59227, at *12-13 (citing *Justofin v. Metro Life Ins. Co.,* 372 F.3d 517 (3d Cir. 2004)("A federal court sitting in diversity jurisdiction follows a Federal Rule of Civil Procedure when one of the Federal Rules controls the point in dispute.")).

[26] 424 F.2d 52, 54 (3d Cir. 1970) (holding that in this diversity action a third-party defendant could not maintain a claim for contribution against one of the plaintiffs named in the original action).

[27] *Id*. at 54-55(citations omitted).

[28] *Id.* (citing 3 J. Moore, Federal Practice, ¶ 13.32, pp. 85-88 (2d ed. 1966).

[29] *Stahl*, at 55.

permission is requested."[30] The *Stahl* Court found that "[a] claim for contribution is not a matured claim as contemplated under Rule 13(e) because such a claim is contingent upon a verdict and judgment establishing liability of a party as a joint tortfeasor."[31] Finally, the Circuit noted that because "Rule 13(e) has no provision which accelerates an unmatured claim, a claim for contribution may not be elevated to the subject matter of a counterclaim."[32] Thus, under *Stahl*, it would be premature to allow the Bank to assert counterclaims for contribution at this time.

While comment b to § 23 of the Restatement discusses that to the extent permitted by procedural rules, "a person seeking contribution may assert a claim for contribution and obtain a contingent judgment in an action in which the person seeking contribution is sued by the plaintiff, even though the liability of the person against whom contribution is sought has not yet been extinguished,"[33] as discussed, this is not permissible under

---

[30] *Id.*

[31] *Id.* The *Stahl* Court refers to Pennsylvania Law 12 P.S. § 2083 (1967), which provides that contribution is not available until payment has discharged the liability; § 23 of the Restatement is to the same effect, absent a procedural rule that specifically allows an earlier action. Restatement (Third) of Torts: Apportionment of Liability § 23 cmt. b (2000).

[32] *Id.*

[33] Restatement (Third) of Torts: Apportionment of Liability § 23 cmt. b (2000).

Rule 13. And this is precisely what the Bank attempts to do here: to assert claims that have not yet matured. Therefore, under *Stahl* and Rule 13, the Bank's counterclaims for contribution cannot be asserted in this action. Allowing the amendment would thus be futile.

Moreover, as observed previously, the Bank has already asserted affirmative defenses alleging fault on the part of plaintiffs. The Virgin Islands is a comparative fault jurisdiction.[34] As such, the jury is permitted to assess plaintiffs' alleged contributory fault, if any. If the jury finds that plaintiffs' conduct, or the conduct of one of them, played a part in their loss, then their recovery against the Bank could be reduced or even denied entirely. And, if necessary, the Bank may assert causes of action for contribution against the plaintiffs in a separate action.

## IV. Conclusion

Because the Bank's counterclaims for contribution cannot be asserted in this action, it would be futile to allow the Bank to

---

[34] 5 V.I.C. § 1451(a) provides:

    In any action based upon negligence to recover for injury to person or property, the contributory negligence of the plaintiff shall not bar a recovery, but the damages shall be diminished by the trier of fact in proportion to the amount of negligence attributed to the plaintiff. . . . If such claimant is found by the trier of fact to be more at fault than the defendant,. . . the claimant may not recover.

amend its answer to assert such claims. Accordingly, it is hereby RECOMMENDED that the Bank's motion be DENIED.

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. Section 636(b)(1)(B); LRCi 72.3.

       S\_____
       **RUTH MILLER**
       United States Magistrate Judge